IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHERYL KIPP,

          Plaintiff,

vs.                          Case No. 09-2673-SAC

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

          Defendant.

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits. The matter has been fully briefed by the parties.

**I. General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. <u>Glenn v. Shalala</u>, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the

1

conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA). The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in

any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other

3

jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

On September 28, 2007, administrative law judge (ALJ) George M. Bock issued his decision (R. at 18-27). At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since September 28, 2002, the alleged onset date of disability (R. at 19). At step two, the ALJ found that plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, status post lumbar fusion in July 2003, and recurrent pancreatitis (R. at 19). At step two, the ALJ further

4

determined that plaintiff's depression and gastrointestinal/ urinary complaints were not severe impairments pursuant to the regulations (R. at 19). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 19). After finding that plaintiff has the RFC for sedentary work (R. at 25), the ALJ found at step four that plaintiff is unable to perform any past relevant work (R. at 25). At step five, the ALJ found that plaintiff had vocational skills which readily transferred to semi-skilled sedentary work such as a medical health insurance adjuster (R. at 25). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 26).

**III. Did the ALJ err in his consideration of the opinions of Dr. Martin, plaintiff's treating physician?**

The opinions of physicians, psychologists, or psychiatrists who have seen a claimant over a period of time for purposes of treatment are given more weight than the views of consulting physicians or those who only review the medical records and never examine the claimant. The opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all. Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004). When a treating source opinion is inconsistent with the other medical evidence, the ALJ's task is to examine the other medical source's

reports to see if they outweigh the treating source's reports, not the other way around. Treating source opinions are given particular weight because of their unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultive examinations. If an ALJ intends to rely on a nontreating physician or examiner's opinion, he must explain the weight he is giving to it. Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004). The ALJ must provide a legally sufficient explanation for rejecting the opinion of treating medical sources in favor of non-examining or consulting medical sources. Robinson, 366 F.3d at 1084.

A treating physician's opinion about the nature and severity of the claimant's impairments should be given controlling weight by the Commissioner if well supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record. Castellano v. Secretary of Health & Human Services, 26 F.3d 1027, 1029 (10th Cir. 1994); 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). When a treating physician opinion is not given controlling weight, the ALJ must nonetheless specify what lesser weight he assigned the treating physician opinion. Robinson v. Barnhart, 366 F.3d 1078, 1083 (10th Cir. 2004). A treating source opinion not entitled to controlling weight is still entitled to deference and must be

weighed using all of the following factors:

(1) the length of the treatment relationship and the frequency of examination;
(2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed;
(3) the degree to which the physician's opinion is supported by relevant evidence;
(4) consistency between the opinion and the record as a whole;
(5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and
(6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

Watkins v. Barnhart, 350 F.3d 1297, 1300-1301 (10th Cir. 2003).

After considering the above factors, the ALJ must give good reasons in his/her decision for the weight he/she ultimately assigns the opinion. If the ALJ rejects the opinion completely, he/she must then give specific, legitimate reasons for doing so. Watkins, 350 F.3d at 1301.

Treating source opinions on issues that are reserved to the Commissioner[1] should be carefully considered and must never be ignored, but they are never entitled to controlling weight or special significance. Giving controlling weight to such opinions would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the

---

[1]Issues reserved to the Commissioner include: (1) whether an claimant's impairment meets or is equivalent in severity to a listed impairment, (2) a claimant's RFC, (3) whether a claimant can perform past relevant work, and (4) whether a claimant is disabled. SSR 96-5p, 1996 WL 374183 at *2 (emphasis added).

7

Commissioner's statutory responsibility to determine whether an individual is disabled. SSR 96-5p, 1996 WL 374183 at *2-3.

Dr. Martin, plaintiff's treating physician, filled out a medical assessment of plaintiff's ability to perform physical activities. The statement was filled out on June 5, 2007 (R. at 659). His limitations (for an 8 hour workday) included the following:

> 1. Plaintiff can occasionally lift less than 10 pounds.
>
> 2. Plaintiff can stand/walk for 30 minutes without interruption and for 30 minutes total in an 8 hour workday.
>
> 3. Plaintiff can sit for 20 minutes without interruption and for 1 hour in an 8 hour workday.
>
> 4. Plaintiff can never climb, stoop, or crouch.
>
> 5. Plaintiff can occasionally kneel and crawl.
>
> 6. Plaintiff can frequently balance.
>
> 7. Plaintiff's ability to reach, handle, feel and push/pull are affected by her impairments.
>
> 8. Plaintiff's environmental restrictions include moving, machinery, humidity and vibrations.

(R. at 655-659).

The ALJ stated the following concerning the opinions of Dr. Martin:

> The undersigned has carefully considered all

> medical opinions in this case, including the
> June 5, 2007 opinion of Dr. Martin,
> claimant's treating physician (Exhibit 32-F).
> At that time, Dr. Martin completed a Medical
> Assessment of Ability to do Work-Related
> Activities (Physical) form wherein he
> assessed some very significant limitations
> for claimant, all of which would preclude
> competitive employment.
>
> An Administrative Law Judge must weigh the
> credibility of respective physicians.
> Additionally, although the uncontradicted
> opinion of a treating physician is entitled
> to substantial weight, that tenet is not
> without some limitations. In weighing opinion
> evidence, the degree to which the opinion is
> supported by medical signs and findings is
> also considered (20 CFR § 404.1527(d)(3)).
> **Overall, the undersigned finds that the
> opinion of Dr. Martin is wholly unsupported
> by any diagnostic and physical and
> neurological examination findings, and is
> inconsistent with claimant's demonstrated
> level of functioning. Moreover, his opinion
> renders an opinion on the ultimate issue of
> disability and inability to engage in gainful
> activity under the Social Security Act, all
> of which is reserved to the Commissioner** (See
> 20 CFR §§ 404.1527(c). Accordingly, the above
> opinion/functional assessment of Dr. Martin
> is being accorded little weight.

(R. at 24-25, emphasis added).

Plaintiff states that the ALJ concluded that Dr. Martin's findings were unsupported and inconsistent with plaintiff's level of functioning, and then argues that the ALJ failed to cite to evidence supporting this conclusion (Doc. 9 at 9). However, in his decision, the ALJ had previously summarized statements made by the plaintiff in a questionnaire completed on July 14, 2007

9

(R. at 21). According to the plaintiff, she sometimes spent 3-4 hours a day away from home going to church, shopping, eating, and attending bible study. She attended church meetings one or two times a week for 2-3 hours a week. Plaintiff also indicated that she attended movies outside of the home for 2-3 hours a week (R. at 21, 152).

Dr. Martin opined that plaintiff could only stand/walk for 30 minutes in an 8 hour workday, and could only sit for 20 minutes at a time and for 1 hour in an 8 hour workday (R. at 656). Dr. Martin cited to medical findings which he believed provided support for his limitations (R. at 656). However, treating source opinions regarding a person's RFC is not entitled to controlling weight or special significance. Furthermore, plaintiff's ability to spend 3-4 hours a day away from home attending church and bible study, shopping, eating and going to movies demonstrates that she is not as limited in her ability to sit, stand and walk as opined by Dr. Martin.

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner. Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002). Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence. See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm

if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion). The court can only review the sufficiency of the evidence. Although the evidence may support a contrary finding, the court cannot displace the agency's choice between two fairly conflicting views, even though the court may have justifiably made a different choice had the matter been before it de novo. Oldham v. Astrue, 509 F.3d 1254, 1257-1258 (10th Cir. 2007).

The ALJ found that the opinions of Dr. Martin are inconsistent with plaintiff's demonstrated level of functioning; the ALJ therefore accorded little weight to his opinions. Plaintiff's own statements, which the ALJ accurately summarized in his decision, indicate a level of activity for sitting, standing and walking that exceed the limitations contained in Dr. Martin's report. Therefore, the court finds that substantial evidence supports the ALJ's decision to accord little weight to the opinions of Dr. Martin.

The ALJ also noted a consultative examination by Dr. Fortune on September 2, 2004 (R. at 301-302). Dr. Fortune stated the following:

> The orthopedic exam, based on the Fifth
> Edition AMA Guidelines, stance and gait were
> normal. Her gait was adequate. She had no
> trouble getting up from the sitting position.
> She was able to get off and on the table,
> able to walk on her heels and toes.

11

>     Assistive device was not used. Range of
>     motion of the shoulders, elbows, wrists and
>     knees was normal. Grip strength of 60 pounds
>     on the right and 40 pounds on the left, in a
>     right hand-dominant individual who had normal
>     finger dexterity, who was able to fully
>     extend [her] hand, make a fist and appose her
>     fingers. Grip strength is 5/5 in the right
>     and left upper extremity. Strength was 5/5
>     right and left. Effort was fair. Range of
>     motion of the hips, ankles, and neck was
>     normal...
>
>     The patient seems to be able to sit with no
>     problem. She could perform reasonable
>     activities but might have some problem with
>     prolonged standing, walking, and heavy
>     lifting. I think she can handle, coins,
>     doorknobs and buttons with no problem.
>     Hearing, speaking and traveling are not
>     affected.

(R. at 302).

The ALJ also referenced a state agency physical RFC assessment prepared by Dr. Kim and dated September 15, 2004 (R. at 319-326).[2] Dr. Kim summarized the evidence, including the assessment by Dr. Fortune (R. at 327-329). Dr. Kim limited plaintiff to lifting 20 pounds occasionally and 10 pounds frequently. He indicated that she could stand/walk for 2 hours in an 8 hour workday and could sit for 6 hours in an 8 hour workday (R. at 320). He also limited her to occasional postural maneuvers (R. at 321). His opinions are consistent with the opinions expressed by Dr. Fortune, who found that plaintiff had

---

[2]Dr. Vopat reviewed this assessment on March 8, 2005 and affirmed its findings (R. at 326).

no problems with sitting, but would have problems with prolonged standing, walking, and heavy lifting.

In his decision, the ALJ did not specify what weight he was giving to the opinions of Dr. Fortune, although he discussed his report in the decision (R. at 23-24). The ALJ stated that he "accorded weight" to the assessment by Dr. Kim and Dr. Vopat (R. at 26). The ALJ limited plaintiff to sedentary work as defined in the regulations (R. at 25). Sedentary work involves lifting no more than 10 pounds at a time, and is defined as work which involves sitting, although a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a). The ALJ's findings are consistent with, or even more restrictive, than the opinions of Dr. Fortune and Dr. Kim.[3]

It is clear from his decision that the ALJ, in making his RFC findings, relied on and gave great weight to the opinions of Dr. Fortune, Dr. Kim and Dr. Vopat. In light of the fact that the ALJ set forth a reasonable basis for giving little weight to

---

[3]Although Dr. Kim indicated that plaintiff could lift 20 pounds occasionally, the ALJ's RFC finding that plaintiff could only perform sedentary work includes a lifting limitation of only 10 pounds. The fact that the ALJ found that plaintiff's RFC was even more restrictive than the medical opinion evidence is, at most, harmless error because a finding of greater limitation(s) cannot make it more difficult to find that a claimant is disabled, but can only help or assist the claimant in a finding that he or she is disabled.

the opinions of Dr. Martin, the ALJ could reasonably rely on the medical opinion evidence of Dr. Fortune, Dr. Kim and Dr. Vopat in making his RFC findings. On the facts of this case, the court finds no error by the ALJ in his consideration of the medical opinion evidence in establishing plaintiff's RFC.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed pursuant to the fourth sentence of 42 U.S.C. § 405(g).

Dated this 18th day of January, 2011, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge